HILDA A. AKOPYAN (California Bar No. 310094)
hilda.akopyan@huschblackwell.com
HUSCH BLACKWELL LLP
355 S. Grand Avenue, Suite 2850
Los Angeles, California 90071
Telephone:  (213) 337.6550
Facsimile:   (213) 337.6551

SCOTT L. DAVIS (TX SB# 05547030, *pro hac vice* admitted)
scott.davis@huschblackwell.com
DAVID H. TIMMINS (TX SB# 00785106, *pro hac vice* admitted)
david.timmins@huschblackwell.com
TYLER J. SCOTT (MO SB# 63231, *pro hac vice* admitted)
tyler.scott@huschblackwell.com
HUSCH BLACKWELL LLP
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
Telephone:  (214) 999-6100
Facsimile:   (214) 999-6170

Attorneys for Plaintiff
AIG SPECIALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIG SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TRC SOLUTIONS, INC.,<br><br>Defendant. | Case No. 2:23-cv-06413-FLA-Ex<br><br>**STIPULATED PROTECTIVE ORDER** |

///
///
///
///
///

1

**1.    PURPOSES AND LIMITATIONS**

Discovery in this ACTION may involve production of information that one or both parties contend are confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The PARTIES acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are designated by a party as confidential and entitled to confidential treatment under the applicable legal principles. The PARTIES further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a PARTY seeks permission from the court to file material under seal.

**2.    GOOD CAUSE STATEMENT**

This ACTION is likely to involve discovery of information that one or both parties contend constitute trade secrets, proprietary materials, customer information and pricing lists, and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from use for any purpose other than prosecution of this ACTION is warranted. Such confidential and proprietary materials and information may consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of Non-Parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from

disclosure under state or federal statutes, court rules, case decisions, or common law. The ACTION specifically involves documents and information produced by Non-Parties and which are already the subject of a Stipulated Protective Order issued by the Superior Court for the State of California, County of Orange in Case No. 30-2018-01033608, and documents that have been sealed from the public record by the Superior Court for the State of California, County of Orange in Case No. 30-2018-01033608. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the PARTIES are entitled to keep confidential, to ensure that the PARTIES are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the PARTIES that information will not be designated as "Confidential" for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should be protected from disclosure or use outside of this litigation.

3. **DEFINITIONS**

   3.1  ACTION: this pending federal lawsuit.

   3.2  CHALLENGING PARTY: a PARTY or NON-PARTY that challenges the designation of information or items under this Order.

   3.3  COUNSEL: OUTSIDE COUNSEL OF RECORD and IN-HOUSE COUNSEL.

   3.4  DESIGNATING PARTY: a PARTY or NON-PARTY that produces DISCLOSURE OR DISCOVERY MATERIAL containing PROTECTED MATERIAL which has been designated as "CONFIDENTIAL."

   3.5  DISCLOSURE OR DISCOVERY MATERIAL: all items or information, regardless of the medium or manner in which it is generated, stored,

3
STIPULATED PROTECTIVE ORDER

or maintained (including, among other things, documents, electronically stored information, testimony, transcripts, and tangible things), that are produced or generated in disclosures, depositions, subpoenas, or responses to discovery in this ACTION.

3.6 EXPERT: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a PARTY or its COUNSEL to serve as an expert witness or as a consultant or consulting expert in this ACTION.

3.8 IN-HOUSE COUNSEL: attorneys who are employees of a PARTY to this ACTION. IN-HOUSE COUNSEL does not include OUTSIDE COUNSEL OF RECORD or any other outside counsel.

3.9 NON-PARTY: any natural person, partnership, corporation, association, or other legal entity not named as a PARTY to this ACTION.

3.10 OUTSIDE COUNSEL OF RECORD: attorneys who are not employees of PARTY to this ACTION but are retained to represent or advise a PARTY to this ACTION and have appeared in this ACTION on behalf of that PARTY or are affiliated with a law firm which has appeared on behalf of that PARTY, and includes support staff.

3.11 PARTY: any party to this ACTION, including all of its officers, directors, employees (including IN-HOUSE COUNSEL), and OUTSIDE COUNSEL OF RECORD (and their support staff).

3.12 PRODUCING PARTY: a PARTY or NON-PARTY that produces DISCLOSURE OR DISCOVERY MATERIAL in this ACTION.

3.13 PROFESSIONAL VENDORS: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14 PROTECTED MATERIAL: any DISCLOSURE OR DISCOVERY

MATERIAL which contain information that qualifies for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, and which has been marked or designated as "CONFIDENTIAL."

3.15 RECEIVING PARTY: a PARTY that receives PROTECTED MATERIAL designated as "CONFIDENTIAL" through disclosures or in response to discovery requests from a DISCLOSING PARTY.

4. SCOPE

4.1 The protections conferred by this Stipulation and Order cover not only PROTECTED MATERIAL, but also (1) any information copied or extracted from PROTECTED MATERIAL; (2) all copies, excerpts, summaries, or compilations of PROTECTED MATERIAL; and (3) any testimony, oral arguments, conversations, or presentations by PARTIES or their COUNSEL that might reveal PROTECTED MATERIAL. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a RECEIVING PARTY or becomes part of the public domain after its disclosure to a RECEIVING PARTY as a result of publication not involving a violation of this Order; and (b) any information known to the RECEIVING PARTY prior to the disclosure or obtained by the RECEIVING PARTY after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the DESIGNATING PARTY.

Any use of PROTECTED MATERIAL at trial shall be governed by the orders of the trial judge. This Order does not govern the use of PROTECTED MATERIAL at trial.

5. DURATION

5.1 Even after final disposition of this ACTION, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a DESIGNATING PARTY agrees otherwise in writing or a court order otherwise

directs, and this Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulated Protective Order even after final disposition of this ACTION. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this ACTION, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this ACTION, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6. DESIGNATING PROTECTED MATERIAL

### 6.1 Exercise of Restraint and Care in Designating Material for Protection.

Each PARTY or NON-PARTY that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies as PROTECTED MATERIAL. To the extent that it is practical to do so, the DESIGNATING PARTY must designate for protection only those parts of material, documents, items, testimony, or oral or written communications that contain PROTECTED MATERIAL so that other portions of the material, documents, items, testimony, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order. The PARTIES agree that blanket designations of materials as PROTECTED MATERIAL shall be disfavored.

### 6.2 Manner and Timing of Designations.

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, PROTECTED MATERIAL and any other documents, testimony, or information that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) *For information in documentary form (e.g., paper or electronic documents or electronically stored information, but excluding transcripts of depositions or other pretrial or trial proceedings)*

*containing PROTECTED MATERIAL:* the DESIGNATING PARTY shall affix at a minimum, the legend "CONFIDENTIAL" to each page that contains PROTECTED MATERIAL. If only a portion or portions of the material on a page qualifies for protection, the PRODUCING PARTY must also clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A PARTY or NON-PARTY that makes original documents or materials available for inspection need not designate them for protection until after the inspecting PARTY has indicated which documents or material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed PROTECTED MATERIAL. After the inspecting PARTY has identified the documents it wants copied and produced, the PRODUCING PARTY must determine which documents, or portions thereof, contain PROTECTED MATERIAL and qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the PRODUCING PARTY must affix "CONFIDENTIAL" to each page that contains PROTECTED MATERIAL. If only a portion or portions of the material on a page qualifies for protection, the PRODUCING PARTY also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) *For testimony given in depositions and testimony or oral argument in other pretrial or trial proceedings containing PROTECTED MATERIAL:* the DESIGNATING PARTY may either:

   a. identify on the record, before the close of the deposition, hearing, or other proceeding, the specific portions of the testimony containing PROTECTED MATERIAL, or that all of

the testimony is PROTECTED MATERIAL; or

    b. invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after receipt of the transcript to identify the specific portions of the testimony that contain PROTECTED MATERIAL. Until expiration of the 21-day period, the entire transcript shall be treated as if it contains PROTECTED MATERIAL and has been designated "CONFIDENTIAL" in its entirety. Only those portions of the testimony that are appropriately identified as containing PROTECTED MATERIAL within 21 days after receipt of the transcript shall be covered by the provisions of this Stipulated Protective Order.

Transcripts containing PROTECTED MATERIAL shall have an obvious legend on the title page that the transcript contains "CONFIDENTIAL" PROTECTED MATERIAL, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as PROTECTED MATERIAL and each page containing PROTECTED MATERIAL shall have the legend "CONFIDENTIAL" affixed to it. The DESIGNATING PARTY shall inform the court reporter of these requirements. The use of a document as an exhibit at a deposition shall not in any way affect its designation as containing PROTECTED MATERIAL.

(c) *For information produced in some manner other than documentary form and for any tangible items that contains PROTECTED MATERIAL*: the PRODUCING PARTY shall affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information contains PROTECTED

MATERIAL, the DESIGNATING PARTY, to the extent practicable, shall identify the protected portion(s).

6.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate documents and information as "CONFIDENTIAL" and containing PROTECTED MATERIAL does not, standing alone, waive the DESIGNATING PARTY'S right to secure protection under this Order for such material. Upon timely correction of a designation, the RECEIVING PARTY must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1 <u>Timing of Challenges</u>. Any PARTY or NON-PARTY may challenge a PROTECTED MATERIAL "CONFIDENTIAL" designation at any time that is consistent with the Court's Scheduling Order, which timely challenge includes one raised not less than 30 days prior to the filing of the Final Pretrial Conference Order. To avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Court's litigation, a PARTY does not waive its right to challenge a PROTECTED MATERIAL "CONFIDENTIAL" designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2 <u>The Challenge Process</u>. The CHALLENGING PARTY shall initiate the discovery dispute resolution process described in Local Rule 37-1 through 37-4 by first providing the DESIGNATING PARTY with a letter identifying the specific document(s), testimony, or information designated as "CONFIDENTIAL" PROTECTED MATERIAL which is being challenged and the specific reasons or support for such challenge. If after the conference of counsel described in Local Rule 37-1, the DESIGNATING PARTY does not waive or withdraw the confidentiality designation and the PARTIES do not otherwise resolve the dispute, the PARTIES shall follow Rule 37-2 and prepare

and file the Joint Stipulation and accompanying documents. The DESIGNATING PARTY shall take primary responsibility for preparing the Joint Stipulation and shall circulate the draft within 30 days after the conference of counsel.

7.3 The burden of persuasion in any such challenge proceeding shall be on the DESIGNATING PARTY. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the CHALLENGING PARTY to sanctions where done in bad faith. Unless the DESIGNATING PARTY has waived or withdrawn the confidentiality designation or failed to circulate the Joint Stipulation within 30 days of the conference of counsel, all Parties shall continue to treat the document(s), testimony, or information as if designated "CONFIDENTIAL" PROTECTED MATERIAL until the Court rules on the challenge.

## 8. ACCESS TO AND USE OF PROTECTED MATERIAL

8.1 Basic Principles. A RECEIVING PARTY may use PROTECTED MATERIAL that is disclosed or produced by another PARTY or by a NON-PARTY in connection with this ACTION only for prosecuting, defending, or attempting to settle this ACTION. Such PROTECTED MATERIAL may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the ACTION has been terminated, a RECEIVING PARTY must comply with the provisions of section 14. FINAL DISPOSITION, below.

PROTECTED MATERIAL must be stored and maintained by a RECEIVING PARTY at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2 Disclosure of Protected Material. Unless otherwise ordered by the court or permitted in writing by the DESIGNATING PARTY, a RECEIVING PARTY may disclose any information or item designated "CONFIDENTIAL" PROTECTED MATERIAL only to:

(a) the court and its personnel;

(b) court reporters and their staff hired or performing services in this ACTION;

(c) mediators, arbitrators, or settlement conference officers, and their supporting personnel, mutually agreed upon by the parties or ordered by the court to assist in the resolution of this ACTION;

(d) the RECEIVING PARTY'S OUTSIDE COUNSEL OF RECORD in this ACTION, as well as employees of said OUTSIDE COUNSEL OF RECORD to whom it is reasonably necessary to disclose the information for this ACTION;

(e) the officers, directors, and employees (including IN-HOUSE COUNSEL) of the RECEIVING PARTY;

(f) former employees of the RECEIVING PARTY to whom disclosure is reasonably necessary for this ACTION and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) EXPERTS of the RECEIVING PARTY to whom disclosure is reasonably necessary for this ACTION and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) professional jury or trial consultants, mock jurors, and PROFESSIONAL VENDORS to whom disclosure is reasonably necessary for this ACTION and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i) any deposition, hearing, or trial witness in the ACTION who previously had access to the material marked

"CONFIDENTIAL" or who is currently or was previously an officer, director, or employee of an entity that had access to the material marked "CONFIDENTIAL;"

(j) any deposition, hearing, or trial witness in the ACTION who did not previously have access to the material marked "CONFIDENTIAL," provided however that each such witness to which the material is disclosed shall be advised that the material is being disclosed pursuant to and is subject to the terms of this Stipulated Protective Order and may not be disclosed other than pursuant to its terms.

Nothing in this Stipulated Protective Order shall prohibit or limit the Disclosing Party from disclosing any material it has designated as "CONFIDENTIAL" PROTECTED MATERIAL.

8.3 <u>Jurisdiction</u>. Each person given access to PROTECTED MATERIAL as set forth above submits to the jurisdiction of this Court for purposes of enforcement of this Stipulated Protective Order, either prior to or following the completion of this ACTION.

## 9. APPLICATION TO NON-PARTY'S PROTECTED MATERIAL

9.1 Any information produced by a NON-PARTY in this ACTION may be designated as "CONFIDENTIAL" PROTECTED MATERIAL under the terms of this Stipulated Protective Order and any such designation by a NON-PARTY shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned PARTIES hereto. Nothing in these provisions should be construed as prohibiting a NON-PARTY from seeking additional protections.

## 10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

10.1 If a PARTY is served with a subpoena or a court order issued in other

litigation that compels disclosure of any information or items designated in this ACTION as "CONFIDENTIAL" PROTECTED MATERIAL that PARTY must:

    (a) promptly notify in writing the DESIGNATING PARTY. Such notification shall include a copy of the subpoena or court order;

    (b) promptly notify in writing the PARTY who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the DESIGNATING PARTY whose PROTECTED MATERIAL may be affected.

If the DESIGNATING PARTY timely seeks a protective order, the PARTY served with the subpoena or court order shall not produce any information designated in this ACTION as "CONFIDENTIAL" PROTECTED MATERIAL before a determination by the court from which the subpoena or order was issued, unless the PARTY has obtained the DESIGNATING PARTY'S permission. The DESIGNATING PARTY shall bear the burden and expense of seeking protection in that court of its PROTECTED MATERIAL and nothing in these provisions should be construed as authorizing or encouraging a RECEIVING PARTY in this ACTION to disobey a lawful directive from another court.

**11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

11.1 If a RECEIVING PARTY learns that, by inadvertence or otherwise, it has disclosed PROTECTED MATERIAL to any person or in any circumstance not authorized under this Stipulated Protective Order, the RECEIVING PARTY must immediately (a) notify in writing the DESIGNATING PARTY of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the PROTECTED MATERIAL, (c) inform the person or persons to whom

unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12. FILING PROTECTED MATERIAL

12.1 Designating documents, testimony, or other information as "CONFIDENTIAL" PROTECTED MATERIAL does not itself permit or require the documents, testimony, or other information to be sealed from the public record. Indeed, sealing of documents is governed by Local Rule 79-5. However, a RECEIVING PARTY may not file in the public record in this ACTION any PROTECTED MATERIAL so designated by a Disclosing Party without first (a) receiving written permission from the DESIGNATING PARTY or (b) complying with the procedures set forth in Local Rule 79-5. Pursuant to Local Rule 79-5.2.2(b), at least three days before a RECEIVING PARTY intends to file PROTECTED MATERIAL of a DESIGNATING PARTY in the public record, a RECEIVING PARTY must confer with the DESIGNATING PARTY. If permission to file the PROTECTED MATERIAL is not given by the DESIGNATING PARTY or the PROTECTED MATERIAL in the document cannot be suitably redacted, the RECEIVING PARTY should file the Application described in Local Rule 79-5.2.2(b). Within four days of the filing of the Application, the DESIGNATING PARTY must file the declaration described in Local Rule 79-5.2.2(b)(i). If the DESIGNATING PARTY fails to file the declaration or leave to file under seal is denied by the court, then the RECEIVING PARTY may file the information in the public record as described in Local Rule 79.5.

## 13. OTHER PROVISIONS

13.1 <u>Disclosure or Production of Information Covered by the Attorney-Client Privilege or Work Product Doctrine</u>. Pursuant to Rule 502(d) of the Federal Rules of Evidence, whether inadvertent or otherwise, the disclosure or production

of any information or document that is subject to the attorney-client privilege or work-product protection, including but not limited to, information or documents that may also be considered PROTECTED MATERIAL under the Stipulated Protective Order, shall in no way be construed as a waiver (either explicit or implicit) of any such privilege in this ACTION or in any other federal or state proceeding currently pending or subsequently filed and will not be deemed to estop that PARTY or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date.

If a PARTY (i) determines that a document it produced is subject to a claim of privilege; (ii) knows that a privileged document has been made an exhibit; or (iii) is made aware that a PARTY has received a privileged document through production, the PARTY who produced the privileged document shall notify the PARTY that received the document of the claim of privilege. To the extent a PARTY receives documents which it reasonably believes to be privileged, the receiving party is obligated to notify the producing party of its discovery of the production of potentially privileged document(s) and that such potentially privileged document(s) were produced.

Upon being notified of a claim of privilege, or upon a receiving party's discovery of its possession of a potentially privileged document, the receiving party must cease review of and refrain from copying or disseminating any privileged or potentially privileged documents until the producing party has a reasonable opportunity to rectify the inadvertent production of privileged information.

Upon request by the producing party, the receiving party must return the privileged document, or certify that it has deleted the privileged document and all such copies of the information or document(s) containing or discussing the privileged document within 5 days of the request.

If the receiving party is notified of a claim of privilege and disagrees with the assertion of privilege, it shall sequester the document (and all copies and all

documents containing or discussing the document) and refrain from use of the document or information contained therein until a determination is made as to the assertion of privilege.

Disclosure of the information or document by the producing party, within the limitations provided by this Order, prior to such later designation will not be deemed a violation of the provisions of this Order. The provisions of this paragraph constitute an order pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence and will be construed in a manner consistent with the maximum protection provided by said rule.

13.2 The entry of this Stipulated Protective Order does not alter, waive, modify or abridge any right, privilege or protection otherwise available to any PARTY with respect to the discovery of matters, including but not limited to a PARTY'S right to assert the attorney-client privilege, the attorney work product doctrine or other privileges, or any PARTY'S right to contest any such assertion.

13.3 Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.4 By stipulating to the entry of this Protective Order no PARTY waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no PARTY waives any right to object on any ground to authenticity, admissibility, or use in evidence of any of the material covered by this Protective Order. Furthermore, nothing in this Stipulated Protective Order shall affect or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial ACTION with respect to any ruling made by this Court concerning the status of PROTECTED MATERIAL.

13.5 After this Stipulated Protective Order has been signed by counsel for the Parties, it shall be presented to this Court for entry. Counsel and the PARTIES agree to be bound by the terms set forth herein regarding any PROTECTED

MATERIAL that has been produced before the Court signs this Stipulated Protective Order.

13.6 The PARTIES and all signatories to Exhibit A, "Acknowledgment and Agreement to Be Bound," agree to be bound by this Stipulated Protective Order pending its approval and entry by the Court. It is also the PARTIES' intent to be bound by the terms of this Stipulated Protective Order pending its entry so as to allow for immediate production of PROTECTED MATERIAL under the terms herein.

13.7. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

## 14. FINAL DISPOSITION

14.1 After the final disposition of this ACTION, as defined in paragraph 4, and upon written request by the DESIGNATING PARTY, each RECEIVING PARTY must return all PROTECTED MATERIAL to the PRODUCING PARTY or destroy such material within 60 days of receipt of the written request. As used in this subdivision, "all PROTECTED MATERIAL" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the PROTECTED MATERIAL. Notwithstanding this provision, the PARTIES and their OUTSIDE COUNSEL OF RECORD shall be entitled to retain in their files court papers, deposition transcripts and exhibits, attorney-client privileged correspondence or other case correspondence, and any other attorney, EXPERT, or consultant work product that contains, reflects or summarizes PROTECTED MATERIAL, and PROTECTED MATERIAL containing notations of OUTSIDE COUNSEL OF RECORD. Any such retained documents and materials remain subject to this Protective Order as set forth in Section 4, DURATION. Whether the PROTECTED MATERIAL is returned or destroyed, the RECEIVING PARTY must submit a written certification to the DESIGNATING PARTY by the

60-day deadline that affirms that the RECEIVING PARTY has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the PROTECTED MATERIAL except for those items which they are authorized to retain by this paragraph.

    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD, THIS __ DAY OF JUNE 2024.

Dated: June 26, 2024    HUSCH BLACKWELL LLP

By: _____

Hilda A. Akopyan (Cal. Bar No. 310094)
HUSCH BLACKWELL LLP
355 S. Grand Avenue, Suite 2850
Los Angeles, California 90071
Telephone: (213) 337.6550
Facsimile: (213) 337.6551

Scott L. Davis (*pro hac vice* admitted)
David H. Timmins (*pro hac vice* admitted)
Tyler J. Scott (*pro hac vice* admitted)
HUSCH BLACKWELL LLP
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 999-6100
Facsimile: (214) 999-6170

Attorneys for Plaintiff
AIG SPECIALTY INSURANCE COMPANY

HB: 4853-6768-8652.1

Dated: June 26, 2024

LITCHFIELD MALONE MCDONALD LLP

By: /s/ Stephen B. Litchfield
STEPHEN B. LITCHFIELD

Stephen B. Litchfield (Cal. Bar No. 284951)
LITCHFIELD MALONE MCDONALD LLP
220 Newport Center Drive, Suite 19
Newport Beach, California 92660
Telephone: 949.520.7570
Facsimile: 949.209.3673

Attorneys for Defendant
TRC COMPANIES, INC.

It is so ordered.

Dated: 6/26/24

/s/ Charles F. Eick
Charles F. Eick
United States Magistrate Judge

---

19

STIPULATED PROTECTIVE ORDER

HB: 4853-6768-8652.1

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], declare under penalty of perjury that I have read and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *AIG Specialty Insurance Company v. TRC Solutions, Inc.* (Case No. 2:23-cv-06413-FLA-EX). I agree to comply with and be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply with them could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:

City and State where sworn and signed:


Printed Name: _____

Signature: _____

HB: 4853-6768-8652.1